IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-480-FL

| | | |
|---|---|---|
| JANNA VERLENE YOST Executrix of the Estate of Richard Lee Yost, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for failure to state a claim (DE 8), on grounds of statute of limitations and repose. Where plaintiff responded in opposition and defendant replied, the issues raised are ripe for ruling. Upon careful consideration of the parties' briefs and the complaint in this matter, the court has determined that the issues raised are not conducive to resolution upon motion to dismiss, but more properly should be determined upon a more complete record at a later juncture in this case.

For example, defendant argues that the action is time barred because it accrued "no later than January 2014 when [plaintiff] pled that decedent became aware of his injury (advanced cancer) <u>and its cause</u> (delayed diagnosis and failure to inform permitting disease progression)." (Mem. (DE 9) at 1) (emphasis added). Plaintiff, however, alleges that decedent "<u>unknowingly</u> went from having a very manageable and completely survivable lung mass in January 2012 to receiving a terminal diagnosis in January 2014." (Compl. ¶ 34) (emphasis added). Defendant also draws inferences in its favor regarding what decedent knew about the delay in treatment in January

2014, where the complaint permits the inference that he did not know, and had no reason to know, there had been an earlier failure in diagnosis and treatment at that time. (See Compl. ¶¶ 18, 20). Finally, regarding continuing treatment, defendant relies upon a case addressing "nearly the same fact pattern," but upon a summary judgment record. (Reply (DE 12) at 8 (citing Miller v. United States, 932 F.2d 301 (4th Cir. 1991)).

In sum, defendant has prematurely raised issues of statute of limitations and statue of repose, in light of the unique circumstances alleged in this case. Therefore, defendant's motion to dismiss must be denied. In so holding, the court does not preclude defendant from raising again the issues and arguments advanced in its briefs on motion to dismiss, including applicable legal standards for consideration by the court, in the event they are still applicable on the basis of a more complete record.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss for failure to state a claim (DE 12) is DENIED. The stay in scheduling activities entered January 21, 2020, accordingly is LIFTED.

SO ORDERED, this the 27th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge